**Felipe PEREZ CALDERON, Petitioner,**

v.

**Gerardo DELGADO, Warden, Respondent.**

**Civ. No. 665-67.**

United States District Court
D. Puerto Rico.

Nov. 3, 1967.

**106**

E. Rodriguez Maduro, Santurce, Puerto Rico, for petitioner.

Jose C. Aponte, Secretary of Justice, Commonwealth of Puerto Rico, by Noel Gonzalez Reichard, San Juan, Puerto Rico, for respondent.

## OPINION
## AND
## ORDER OF DISMISSAL

KILKENNY, District Judge.

Petitioner was accused in the Superior Court of Puerto Rico, Caguas Section, of (1) concealing and transporting heroin, (2) having the same in his possession, and (3) selling same. He was sentenced to five to eight years in prison on each of the first two counts and acquitted of the third.

In this habeas corpus proceeding the petitioner again attempts to raise the issue of whether the failure of the District Attorney to produce the sworn statement of the principal witness constituted a violation of petitioner's constitutional rights. He relies on the Jencks Act;[1] People v. Ribas, 83 P.R.R. 371; Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428, and similar Supreme Court decisions.

Petitioner, on his appeal to the Supreme Court of Puerto Rico, presented precisely the same question to that Court. After reviewing the record, Luis Negron Fernandez, Chief Justice, disposed of the issue in the following language:

"Counsel requested the sworn statement given by agent Maldonado for the purpose of using it for cross-examination. The prosecuting attorney informed that it did not appear to be in the record and requested the court to give him the opportunity to look for it. The case was continued so that the prosecuting attorney could take steps to locate it. The statement did not appear.[1] Under these circum-

"1. Prosecuting attorneys should be careful in keeping these statements, since not furnishing them to counsel in a specific case could prejudice the defendant."

stances it was impossible to comply with counsel's petition. It has not been established that this prejudiced the defendant. The agent was subjected to an ample and persistent cross-examination and there is not the least indication that the testimony he gave at the trial was different from the one allegedly given during the investigation.

█ █ After a full, complete and exhaustive analysis of the transcript of record attached to the return of the Commonwealth, I find myself in complete agreement with the views of the Commonwealth Court. Furthermore, it is my belief that petitioner has not exhausted his remedies under the now existing post-conviction law of the Commonwealth. Rule 192.1 of Chapter XIII–A of the Rules of Criminal Procedure of the General Court of Justice, adopted by the Supreme Court on March 9, 1967, and transmitted the same date to the Legislative Assembly of the Commonwealth. Consequently, the petition for a writ of habeas corpus should be dismissed.

It is so ordered.

1. 18 U.S.C. Section 3500.